NEILS P. ANDERSON AND HANSENA ANDER-
SON, RESPONDENTS *v.* R. E. DAVIS AND JENS
C. GASBERG, APPELLANTS.

*Pleading—Parties.*

> When the legal title to a homestead is in a wife, but the larger
> portion of the purchase price was paid by the husband, their
> joint interest in the preservation of the homestead gives them
> the right to join as plaintiffs in an action to enjoin its sale.

*Homestead—Abandonment—Evidence of.*

> Where the evidence shows that plaintiffs only left their home-
> stead temporarily, leaving in it personal effects and intending
> to return, they cannot be held to have abandoned it.

Appeal from the First District Court Box Elder County,
Hon. Charles H. Hart, *Judge.*

Action by plaintiffs against defendants for an injunc-
tion to prevent the sale of their homestead on execution.
From a judgment decreeing perpetual injunction, defend-
ants appealed. *Affirmed.*

(Decided December 8, 1898.)

*Ricy H. Jones, Esq.,* for appellants.

The homestead law in force when the debt is contracted
governs as to the question of exemptions from such debt,
and not the one in force when the collection is attempted
to be enforced. *McClenaghan* v. *McEachen,* (S. C. 1896)
25 S. E. 296; *DeWitt* v. *Wheeler,* (17 Neb. 533), 23 N.
W. 506; *Jackson* v. *Creighton,* (29 Neb. 310), 45 N. W.
638; *Stewart* v. *Blalock,* (45 S. C. 66), (1895), 22 S. E.
774; *Cochran* v. *Darcy,* 5 S. C. 125.

The law in force in this State in August, 1892, when this debt was contracted is Compiled Laws 1888, Vol. 2, p. 308, Subd. 11, Sec 3429.

The property thus exempted must be the property of the individual thus designated. 47 Pacific, 494.

The homstead exemption being a purely personal right of the individual designated "the head of the family" it cannot be intended to exempt the property of other persons, such as the wife, from liability and sale for their own debts. *State Bank* v. *Carson*, 4 Neb. 502; *McGinnis* v. *Wood*, 47 Pac. 494.

The wife, while the husband is living, cannot claim the benefit of the statute exempting the homestead from forced sale against the husband. Thompson on Homesteads, Par. 690; *Getzler v. Saroni*, 18 Ills. 518.

On January 1, 1898, a new constitutional homestead law of higher dignity and creating homestead estates was enacted. Rev. Stats. 324, Sec. 1148.

It cannot affect pre-existing contracts or impair their obligations. As to them it would be unconstitutional and void.

"The law in force at the time and place the debt is contracted becomes a part of the debt or obligation as if incorporated in terms in the contract, and is the means of its enforcement. Such law cannot be repealed or modified in such a way as to create new exemptions, or increase exemptions, or to withdraw more property from the liability of the owner to pay his debts without impairing the obligations of existing contracts. *Johnson* v. *Fletcher*, 28 Am. Rep. 389-91; *Gunn* v. *Barry*, 82 U. S. 212; *Nichols* v. *Eaton*, 91 U. S. 257; *Edwards* v. *Kearzey*, 94-97 U. S. Rep. 595-611.

AS TO ABANDONMENT.

Actual removel to another county, residence there for several years, repeated exercise of the right of suffrage there and an offer of the homestead for sale, and no fixed purpose to return, constitute an abandonment of the homestead.

*Cotton* v. *Hamil*, 12 N. W. 607, 58 Iowa, 594; *Cook* v. *McChristian*, 4 Cal. 25, *Harper* v. *Forbes*, 15 Cal. 202; *Taylor* v. *Horgeous*, 60 Am. Dec. 614, note.

"A residence can be changed or abandoned at any time by the husband without consent of the wife." *Law* v. *Pence*, 48 Pac. 283; *Cook* v. *Higley*, 10 Utah, 230.

*N. J. Sheckell, Esq.*, for respondents.

A husband may have a homestead in his wife's property to the same extent as if title were in himself. *Herdman* v. *Cooper*, 39 Ills. App. 330.

"The family head may have homestead right in property belonging to his wife." Waples on H. & E. 120.

"It is a matter of indifference whether it be owned by one or the other, or both together, or by each in parcels." Waples on H. & E. p. 122, 739, and citations.

"The law recognizes the husband and wife as the united head of their family. It allows either to claim the benefit when the other does not." Waples on H. & E. p. 63; *Brady* v. *Brady*, 67 Ga. 368.

"If the wife owns the fee she is the proper person to have it made the family homestead." Waples on H. & E. p. 64; *Cook* v. *Higley*, 10 Utah, 228.

If an instance should be found in which the bare legal title should be represented by the wife, while a perfect equitable title exist in the husband, the property should be privileged to either or both as a homestead as against out-

siders.   Thompson on H. & E. 220, 22 Mich. 264; 33 Ind. 83; 39 Ills. 446–453; 50 Miss. 717; 53 Ga. 257; 23 Ohio State, 606.

The statute law in force at the time this debt was created reads as follows:   " If the debtor be the head of a family there shall be a further exemption of a homestead to be selected by the debtor, consisting of lands, etc."   C. L. Utah, sec. 3429, Subd. 11.

As to abandonment, Anderson exercised the right of suffrage once while at Logan, but this act is not conclusive evidence of abandonment. *Corey* v. *Schuster, et al.,* 62 N. W. 470; *Dennis* v. *Omaha Natl. Bank,* 28 N. W. 512.

" A temporary absence and leasing their premises does not constitute abandonment."   Waples on H. & E. 572.

" The meaning of the word ' Homestead' as used in our statute evidently includes not only the land whereon the family of the judgment debtor resides, but also any of his land of the limited value which he may have selected or may select for a home, although it may never have been actually occupied as the owner's place of residence.' *Gammett* v. *Storrs,* 49 Pac. 643.

ZANE, C. J.

It appears that the plaintiffs in August, 1892, borrowed $500 of the defendant, Jens C. Gasberg, and gave him a promissory note for it and a mortgage on their homestead in Box Elder County, to secure it; that on October 26th, 1895, the mortgage was foreclosed in the district court held in Weber County, and the homestead was sold for less than the amount due; that on December . 4th, of the same year, a deficiency judgment was rendered by that court against the plaintiffs for $240.65; that the plaintiff Neils P. Anderson, on August 10, 1893, purchased the lot

now in dispute, situated in Box Elder County, on which he built a house in the spring of 1894, into which they moved and actually occupied as a homestead until they moved to Logan in Cache County, in 1896, with the intention of returning to it as testified; that they left a portion of their furniture in the house consisting of a wardrobe, bureau, safe, fruit jars, all their pictures, and that they still claim the premises as their homestead.

It also appears that the plaintiffs took possession of the lot under a contract for a deed to be made when the consideration should be paid; that the payment of the consideration which was $400, was made in small sums from time to time, some of them were made by the wife, and others by the husband; that on January 3, 1896, the wife Hansena received a deed, the consideration named in it being $400; that the lot with the house and improvements on it is worth $800. It also appears that both plaintiffs have all the time claimed the premises as their homestead.

Under such circumstances the defendant Gasberg, on December 1, 1897, caused a copy of the deficiency judgment on the records of Weber county, to be filed in the office of the clerk of the district court of Box Elder county, and to be docketed, and an execution to be issued and levied by the other defendant, as sheriff, on the homestead in dispute, and to be advertised for sale. It also appears the plaintiffs, after the levy, returned to their homestead, and from thence hitherto have been in the actual possession of it claiming it as their homestead.

In view of the foregoing facts, the plaintiffs, on February 3, 1898, commenced this action and obtained the injunction enjoining the sale which the decree appealed from made perpetual.

The defendants insist there was a misjoinder of plaintiffs. While the legal title to the homestead was in the

wife, it appears the husband paid a larger portion of the consideration; they occupied it together, and both claimed it was exempt from sale under the execution. Their joint interest in its preservation as their homestead gave them the right to join in the action for the injunction.

The defendants claim the plaintiffs abandoned their homestead right to the premises when they moved out of it and moved to another county; but both plaintiffs testify they intended to return to it and occupy it as their homestead, and the fact that they left a portion of their household furniture in the house corroborates their testimony. Their residence in Logan was intended to be temporary, and with an intention of returning to their homestead. We do not think the error should be sustained.

The evidence does not establish the fraud alleged and relied upon as a ground of reversal.

Other errors are assigned by the defendants, and relied upon for a reversal that we have considered. We do not think the questions raised by them, in view of the record, of sufficient importance to justify an extended consideration of them in this opinion.

The judgment is affirmed, with costs of appeal against defendants.

BARTCH, J. and MINER, J., concur.